Aryeh Kaufman (SBN: 289745)
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd. Suite #1907
Los Angeles, CA 90036
P: (323) 943-2566
Email: aryeh@akaufmanlegal.com

Attorney for Plaintiff
VIRGIN SCENT, INC dba ART NATURALS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIN SCENT, INC. DBA ART NATURALS, a California corporation,<br><br>     Plaintiff,<br><br>v.<br><br>BEL AIR NATURALS CARE CORP., a California corporation; ELIYAHU COHEN, an individual; YEHOUDA COHEN, an individual; and Does 1 to 20, inclusive,<br><br>     Defendants. | Case No.:  2:17-CV-08284-AB-RAO<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Virgin Scent, Inc. dba Art Naturals ("Plaintiff") and Defendants Bel Air Naturals Care Corp., Eliyahu Cohen, and Yehouda Cohen (collectively referred to as "Defendants," and collectively with Plaintiff, the "Parties"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced, or exhibited by and among the Parties constituting, containing, or relating to trade secrets, proprietary systems, confidential commercial and sales information, confidential marketing and business development plans and strategies, confidential research and development or other proprietary information, confidential employee information, credit, financial, and other personal information, Protected Health Information and individually identifiable health information protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. § 164.500 et seq.) and the privacy regulations promulgated thereunder ("HIPAA"), and/or other similar confidential, proprietary, or private information belonging to the Parties and/or their agents, employees, representatives, clients, and/or customers; and WHEREAS, the Parties believe that good cause exists for this Court to enter a protective order to facilitate discovery and to govern the dissemination and use of confidential, proprietary, or private documents and information produced in this matter;

AND NOW, THEREFORE, IT IS STIPULATED by and among the Parties that the Court may enter a protective order as follows:

1. This Protective Order ("Order") is entered pursuant to Federal Rule of Civil Procedure 26(c) and shall govern the use, handling, and disclosure of all documents, electronically stored information ("ESI"), testimony, or information produced or given in this action that is or are designated to be subject to this Order.

2. **Definitions.**

a. "Confidential Materials." A document, including but not limited to deposition testimony, may be designated "CONFIDENTIAL" where it contains information received in confidence from a third party, where it contains private or confidential personal information (including but not limited to

-2-

Protected Health Information under HIPAA), and/or where it contains Commercially sensitive financial or business information that the Producing Party (as defined herein) has treated as confidential in the ordinary course of business.

b. "Confidential-AEO Materials" or "Confidential-Attorneys' Eyes-Only Materials." A document, including but not limited to deposition testimony, may be designated as "CONFIDENTIAL-AEO" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" where it contains the Producing Party's trade secrets; sensitive financial information; competitively sensitive technical, marketing, financial, sales, or other proprietary or confidential business information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about the party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the Producing Party at a competitive disadvantage if the information became known to employees, contractors, agents, owners, or representatives other than attorneys of the Receiving Party, or to third parties.

c. "Confidential Information" shall mean and refer to either and/or both "Confidential Materials" and "Confidential-Attorneys' Eyes-Only Materials."

d. "Producing Party" means a party or non-party that produces Confidential Information in this action.

e. "Receiving Party" means a party or non-party that receives Confidential Information in this action.

f. "Designating Party" means a party or non-party that designates materials as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEY'S EYES ONLY," or "CONFIDENTIAL-AEO."

3. Designation of Confidential Materials. Except as to deposition and

trial testimony and transcripts which are governed by paragraph 4 below, any documents, testimony, or information produced, marked or otherwise submitted, either voluntarily or pursuant to any order in this case, which is asserted in good faith by the Producing Party or by any other party to contain or constitute Confidential Information, shall be so designated in writing (or orally on the record if the document is produced at a deposition, hearing, or trial) and shall be segregated from other information being produced, marked or otherwise submitted. Materials so designated shall be clearly marked on their face with the legend "CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – AEO" as appropriate. Such documents, transcripts, declarations, or other materials are referred herein as "Confidential Materials" or "Confidential-AEO Materials," respectively, and collectively as "Confidential Information."

4.    **Depositions.** A party wishing to designate portions of a deposition transcript as Confidential Information pursuant to this Order must, within ten (10) business days from the conclusion of the deposition, order the original or a certified copy of the transcript of the deposition from the court reporter for regular turnaround. The Designating Party may designate those portions of the transcript with the "CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – AEO" as appropriate in accordance with paragraph 2 of this Order. The Designating Party shall designate such information as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or as "CONFIDENTIAL-AEO," as appropriate, either on the record or by serving upon all counsel of record in writing via correspondence, facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The Designating Party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript, unless a longer time is agreed to by counsel. All transcripts will be treated as Confidential Information until the

-4-

expiration of the ten-day period described in this paragraph. Any portions of a transcript designated as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or as "CONFIDENTIAL-AEO" shall thereafter be treated as Confidential Information in accordance with such designation, pursuant to this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph.

5.     **Access to Confidential Information.** In the absence of prior written permission from the Producing Party or an order of the Court:

a.  Confidential Materials shall not be disclosed to any person other than: (i) the Parties, their attorneys of record, and the members and employees of such attorneys' firm(s); (ii) qualified persons taking testimony involving such material and necessary stenographic, videography, and clerical personnel; (iii) disclosed experts or retained consultants and their staff employed for this litigation, provided they agree in writing to maintain all Confidential Information as provided for in paragraph 7 below; (iv) witnesses at trial, or in any deposition or other proceeding of this action, but only to the extent that such witness(es) authored or was previously a recipient of such documents; and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

b. Confidential-Attorneys' Eyes Only Materials shall not be disclosed to any person other than: (i) the attorneys of record, and the members and employees of such attorneys' firm(s); (ii) qualified persons taking testimony involving such material and necessary stenographic, videography, and clerical personnel; (iii) disclosed experts or retained consultants and their staff employed for this litigation, provided they agree in writing to maintain all Confidential Information as provided for in paragraph 7 below; (iv) witnesses at trial, or in any deposition or other proceeding of this action, but only to the extent that such witness(es) authored or was previously a recipient of such documents; and (v) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. **Use and Dissemination of Confidential Information.**

a. All Confidential Materials and Confidential-Attorneys' Eyes Only Materials, and all information derived therefrom (including but not limited to all testimony, deposition, or otherwise, that refers, reflects, or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes, or for any purpose whatsoever other than for discovery, trial preparation, trial, and/or post-trial motions or appeals in this action and in accordance with this Order.

b. All persons to whom Confidential Materials and Confidential-Attorneys' Eyes-Only Materials are disclosed are hereby enjoined from disclosing or disseminating such materials to any other person except as provided in Paragraph 5(a) and Paragraph 5(b) of this Order.

7. **Declaration of Recipients.** Any person provided with Confidential Information shall be given a copy of this Order before being shown any Confidential Information, and its provisions shall be explained to them by an attorney. Each such person, before having access to the Confidential Information, shall agree not to disclose or make use of any such material other than solely for purpose of this litigation, and shall acknowledge those obligations and that he or she understands the terms of this Protective Order. Confidential Information shall not be disclosed to any person designated in Paragraph 5(a)(iii) or in Paragraph 5(b)(iii) unless such person has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agrees to be bound by the terms thereof, agrees not to reveal such Confidential Information to anyone other than as permitted by this Order, and agrees to utilize such Confidential Information solely for the purposes of this litigation. All persons to whom Confidential Information is disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except for discovery, preparation for trial, trial, post-

-6-

trial motions, or appeals of or in this case between or among the named parties thereto.

8.  **Filing of Confidential Materials.**  Pleadings, documents and transcripts of testimony that contain Confidential Information shall be filed and maintained by the Clerk under seal, unless otherwise ordered by the Court.

9.  **Subpoena or Request for Confidential Information by Third Party.**  If any party receiving Confidential Information receives a subpoena, civil investigative demand, or formal request from any governmental agency, governmental office, or other person, they shall provide a copy of such subpoena, demand, or request to the Producing Party within five (5) business days of the receipt of same.  Unless otherwise ordered by this Court, the nondisclosure provisions of this Order shall remain effective notwithstanding such subpoena, civil investigative demand, or formal request.

10.  **Inadvertent Production and/or Mistaken Designation.**  If a Producing Party through inadvertence or mistake produces Confidential Information without marking it with the "CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – AEO" designations, or by designating it with an incorrect level of confidentiality, the Producing Party (a) may give written notice to the Receiving Party that the material contains "CONFIDENTIAL," "CONFIDENTIAL ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – AEO" information and should be treated as such in accordance with the provisions of this Order; and (b) shall, if such notice is given, provide the Receiving Party with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the Producing Party. Upon receipt of such notice, and upon receipt of properly marked materials, the Receiving Party and all recipients of such information shall return all unmarked or misdesignated materials and not retain copies thereof, and must treat such material in accordance with its designation and cooperate in restoring the

-7-

confidentiality of such material, provided however that the Receiving Party shall not be responsible for the disclosure or other distribution of undesignated or misdesignated material made in accordance with the terms of this Order before the receipt of such notification of a claim of confidentiality ("Pre-Notification Disclosure") and such Pre-Notification Disclosure shall not be deemed to be a violation of this Protective Order.  The inadvertent or mistaken disclosure by a Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Receiving Party is notified and properly marked documents are supplied as provided herein, and except to the extent of a Pre-Notification Disclosure.

11. **Improper Designation and Review.** Excessive or blanket designations of Confidential Information, including overprotected designations for any such information, are prohibited, and may render the designator subject to sanctions. Any party may seek review by the Court of any designation of information, documents, materials or testimony as Confidential Information pursuant to this Order. The designator shall bear the burden of showing good cause for any challenged designation.

12. **Disagreement Regarding Designation.**  If a Receiving Party disagrees with any designation made under this Order, the parties shall attempt to resolve their dispute as required by Local Rule 37.1.  If the Receiving Party should file a motion seeking review of any such designation, the Receiving Party shall maintain the materials consistent with the Producing Party's designation, until the Court has ruled on the Receiving Party's motion.

13. **Unauthorized Disclosure of Confidential Information.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed or

allowed the disclosure of Confidential Information to any person or in any
circumstance not authorized under this Order, the Receiving Party must
immediately (a) notify the Producing Party in writing of the unauthorized
disclosure(s); (b) use its best efforts to retrieve all copies of the Confidential
Information; (c) inform the person or persons to whom unauthorized disclosures
were made of all the terms of this Order; and (d) request that such person or
persons execute the declaration in the form attached as Exhibit A.

14. **Procedure upon Disposition of Action.** Within thirty (30) days
following the settlement or termination of this entire action with prejudice, each
party shall:

a. Return to the Producing Party or destroy all printed or "hard"
originals of Confidential Information received from that Producing Party, as
well as all printed or "hard" copies thereof. If the Receiving Party elects to
destroy printed or "hard" copies of documents or information designated as
Confidential Information, it shall certify in writing to the Producing Party
that, based on a reasonably diligent review, the Receiving Party has
destroyed all such documents in its possession, custody, or control.

b. If Confidential Information from a Producing Party is stored or
otherwise maintained electronically by the Receiving Party, including but
not limited to on an email system or server, an internal document storage
program, computer or external hard drive, disk, cloud storage, or other
electronic media, the Receiving Party shall take all reasonable steps to
delete said Confidential Information to the fullest extent technologically
possible and, in any event, render it inaccessible by their representatives,
attorneys and staff involved in litigation of this action. Further, as to any
electronic versions of Confidential Information existing on backup storage
media (including but not limited to backup "tapes" and archived email
programs), the parties agree that such electronic copies shall be subject to

and deleted pursuant to such Receiving Party's and counsel's routine data backup and retention policies, and that the actual permanent deletion of such Confidential Information may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business. The Receiving Party shall not in any event make any attempt to retrieve, restore, review, disseminate, or use the Confidential Information stored on any such backup storage media for any purpose, and must promptly take steps to delete or sequester such Confidential Information if a backup containing such data is ever retrieved or restored for any purpose.

c.      This paragraph shall not require the Receiving Party or his, her, or its counsel to destroy or return documents or information containing, attaching, or constituting work product, nor shall this paragraph require the destruction of documents filed with the Court or other tribunal for or in this action, hearing or argument transcripts, deposition transcripts, trial transcripts, trial exhibits, discovery requests and written responses, stipulations, or correspondence between counsel for the parties in this litigation, which contain verbatim Confidential Information, set forth the substance of such Confidential Information, or include any deposition testimony or documents designated as Confidential Information, provided however, that the Receiving Party or his, her, or its counsel who retains such documents or information shall maintain them consistent with the provisions of paragraph 6 above.

15.     **Survival of Terms.** This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the declaration attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16.     **Producing Party's Use of Its Own Materials.** Nothing herein shall

1  affect or restrict the rights of any party with respect to its own documents or to the
2  information obtained or developed independently of Confidential Information
3  produced in this action.

4      17.  **Effect of Protective Order on Third Parties.**  Third parties who are
5  the subject of discovery requests, subpoenas, or depositions in this case may take
6  advantage of the provisions of this Order by providing the Parties with written
7  notice that they intend to comply with and be bound by the terms of this Order.

8      18.  **Violation.**  Any violation of this Order may be punished by
9  appropriate measures including, without limitation, contempt proceedings and/or
10  monetary sanctions.

11
12  IT IS SO STIPULATED BY AND THROUGH COUNSEL OF RECORD.

13
14  DATED:  August ⟨31⟩, 2018           LAW OFFICE OF ARYEH KAUFMAN

15
16                                      By: _____

17                                          Aryeh Kaufman, Esq.
18  DATED:  ~~August~~ ⟨Sept 4⟩, 2018          Attorney for Plaintiff
19

20
21                                      By: _____

22                                          Payam Moradian
                                            Attorney for Defendants
23

24  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
25

26  DATED: ⟨October 19, 2018⟩           _____
27                                          Hon. Rozella A. Oliver
28                                          Magistrate Judge

STIPULATED PROTECTIVE
ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Virgin Scent, Inc. dba Art Naturals v. Bel Air Naturals Care Corp,, et al* U.S.D.C. Case No. 2:17-CV-08284-AB-RAO.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.
I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:

Signature: _____